UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE WARREN CREAMER,<br><br>Plaintiff,<br><br>v.<br><br>SUSIE SHERER, et al.,<br><br>Defendants. | Case No. 1:20-cv-00293-NONE-BAM<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. No. 5)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(Doc. No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Bruce Warren Creamer, proceeding pro se, filed the instant action on February 26, 2020. (Doc. No. 1.)

**I.      Application to Proceed in Forma Pauperis**

At the time the complaint was filed, Plaintiff did not pay the $400.00 filing fee or submit an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. On March 3, 2020, the Court ordered Plaintiff to pay the filing fee for this action or submit an application to proceed in forma pauperis. (Doc. No. 2.) On March 13, 2020, Plaintiff filed an application to proceed in forma pauperis. (Doc. No. 3.) On March 27, 2020, the Court denied Plaintiff's application to proceed in forma pauperis without prejudice as the application was incoherent and insufficient for the Court to determine if Plaintiff is entitled to proceed without prepayment of fees in this action. (Doc. No. 4.) The Court directed Plaintiff to either pay the filing fee for this action or complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long

1

Form) – AO 239. (*Id.*). On April 28, 2020, Plaintiff filed a completed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239. (Doc. No. 5.)

Plaintiff has requested leave to proceed in forma pauperis pursuant to Title 28 of the United States Code section 1915(a). Plaintiff has made the showing required by section 1915(a), and accordingly, the request to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

## II.     Screening Requirement and Standard

The Court screens complaints brought by persons proceeding pro se and in forma pauperis.  28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal,* 556 U.S. at 678; *Moss*, 572 F.3d at 969.

## III.     Plaintiff's Allegations

Plaintiff's allegations in the complaint are unclear. The complaint contains eighteen pages of single spaced opaque factual allegations and recitations of an assortment of legal standards. It is difficult to discern the precise claims Plaintiff is seeking to raise, which defendants he intends

to assert those claims against, and the factual allegations that support those claims.

**III.    Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil procedure 8 and fails to establish this Court's jurisdiction over this dispute. As Plaintiff is proceeding pro se, he will be granted leave to amend his complaint to cure the below-identified deficiencies to the extent he can do so in good faith.  To assist Plaintiff, the Court provides the pleading and legal standards that appear to be applicable to his claims.

**A.    Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.; see also Twombly*, 550 U.S. at 556–557.

Plaintiff's complaint is neither short nor plain.  As a basic matter, the complaint lacks clear factual allegations regarding the incident at issue as well as the involvement of the various defendants.  It is confusing, convoluted, and fails to set forth the facts in a comprehensible manner.  The complaint does not clearly articulate the facts giving rise to any claim and does not specifically identify what harm was inflicted by each defendant. Plaintiff must submit a complaint to the Court that meets the requirements of Rule 8. Plaintiff shall separate his claims so that it is clear what claims are being presented and which defendant is involved in each claim.  Further, for each claim, Plaintiff shall clearly and succinctly set forth the facts that Plaintiff believes give rise to the claim.  "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Moreover, "each claim founded on a separate transaction or occurrence ... must be stated in a separate count." *Id.*

Accordingly, the requirements of Rule 8 have not been satisfied and Plaintiff complaint will be granted leave to amend. Any amended complaint must comply with Rule 8 by clearly and succinctly stating what happened, when it happened, and how each defendant was involved.

### B. Subject Matter Jurisdiction

Based on the limited information that can be discerned from the complaint, Plaintiff has not established that federal jurisdiction is proper. Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. They can only adjudicate cases authorized by the United States Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). To proceed in federal court, Plaintiff's complaint must establish the existence of subject matter jurisdiction as federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Id.* at 377. Lack of subject matter jurisdiction is never waived and may be raised by the court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc.,* 93 F.3d 593, 594-595 (9th Cir. 1996); *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984.) Generally, there are two bases for subject matter jurisdiction: 1) diversity jurisdiction; and 2) federal question jurisdiction. 28 U.S.C. §§ 1331, 1332.

#### 1. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different states." 28 U.S.C. § 1332(a)(1). Here, Plaintiff does not allege that the parties are citizens of different states or that the amount in controversy exceeds $75,000.00.  Thus, as currently pled, Plaintiff's complaint does not establish diversity jurisdiction.

#### 2. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican*

*Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)).  The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, while Plaintiff cites to multiple federal statutes in his complaint, it is not clear from the allegations whether these statutes have any application to the facts or how this action relates to any federal question.  As currently pled, the complaint does not contain any allegation of a violation arising under the Constitution, laws, or treaties of the United States.  It therefore appears from the allegations of the complaint that the Court lacks federal question jurisdiction.  Any amended complaint must allege facts that establish this Court's jurisdiction.

### 3. State Law Claims

Plaintiff appears to assert a state law claim for "breach of contract." Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff has not stated a cognizable claim for relief under federal law, the Court declines to exercise supplemental jurisdiction over any purported state law claims and they will not be screened. *Martinez v. Harrell*, No. 119CV00924LJOBAM, 2019 WL 3067591, at *2–3 (E.D. Cal. July 12, 2019).

### IV. Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to

establish this Court's jurisdiction.  As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff a Complaint for a Civil Case form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal;

3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:20-cv-00293-NONE-BAM; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 8, 2020**           /s/ Barbara A. McAuliffe            
UNITED STATES MAGISTRATE JUDGE