UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE WARREN CREAMER,<br><br>Plaintiff,<br><br>v.<br><br>SUSIE SHERER, et al.,<br><br>Defendants. | Case No. 1:20-cv-00293-NONE-BAM<br><br>SECOND SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(Doc. No. 7)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Bruce Warren Creamer, proceeding pro se and in forma pauperis, filed the instant action on February 26, 2020. (Doc. 1.) On June 8, 2020, the Court screened Plaintiff's original complaint and granted him leave to amend his complaint. (Doc. 6.) Plaintiff's first amended complaint, filed on July 7, 2020, is currently before the Court for screening. (Doc. 7.)

**I.     Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal,* 556 U.S. at 678; *Moss*, 572 F.3d at 969.

### III. Plaintiff's Allegations

As with his original complaint, Plaintiff's amended complaint remains unclear. However, it is possible to discern some allegations and purported claims. In claims 1, 2, and 3, Plaintiff alleges that that the Social Security Administration ("SSA") claims that Plaintiff was overpaid disability benefits following a determination that he was no longer disabled. Plaintiff further alleges that he appealed the SSA determination that he was no longer disabled in 2000. He states that the matter was appealed to a federal district court, remanded to the SSA and then a final determination that Plaintiff's disability had ceased was issued. Plaintiff alleges that he received a letter from SSA claiming he was overpaid in the amount of $8,502.90. Further, Plaintiff alleges that the benefits he was receiving prior to, and during 1995, ceased in violation of his constitutional rights and that all demands for repayment have also violated his constitutional rights.

In claims 4, 5, and 6, Plaintiff's allegations are unclear. Plaintiff alleges that he received documents from the county tax collector and that he sent the tax collector documents. However, there is no clear allegation of any injury to Plaintiff. In these counts, the nature of the claims is

unclear. The Court's best guess is that Plaintiff is alleging a dispute as to the tax payment amount.

In claims 7, 8, and 9, Plaintiff alleges that on December 18, 2019, Southern California Edison, a utilities company, unlawfully turned off his power, even though he paid a portion of his past due bill.

In claims 10, 11, and 12, Plaintiff's allegations are again unclear. Plaintiff alleges that on July 3, 2015 he was notified by Tulare County Health and Human Services Agency that he was overissued $194.00 through the CalFresh program. Plaintiff further alleges that he appealed the determination. The appeal ended in a determination in favor of Tulare County on August 31, 2015. Plaintiff then states that he paid Tulare County the $194.00. However, there is no discernable injury based on the alleged facts.

In claims 13, 14, and 15, Plaintiff alleges, though not clearly stated, that he was denied life insurance benefits after the death of his spouse. Plaintiff alleges that the life insurance was issued by the Department of Veterans Affairs. During Plaintiff's employment his personnel record was retroactively changed on February 25, 2002 preventing him from obtaining any benefits from his life insurance policy. He further alleges that while working for the Department of Veterans Affairs he sued Mather's Veterans Hospital under the Whistleblower Act. Plaintiff alleges that the hospital was ordered to provide training to the Plaintiff. Plaintiff alleges that the hospital refused training and that he was working in a hostile work environment. That after he was refused training, Plaintiff left his job at the hospital. It's unclear what the alleged injury is, however, it appears that Plaintiff is attempting to make a tort claim against the United States and the Department of Veterans Affairs regarding the life insurance police and possibly for a hostile work environment.

In claims 16, 17, and 18, Plaintiff alleges that he entered a contract with defendant, Curtis Loring, on January 16, 2017, to sell Plaintiff's trailer to defendant. Plaintiff alleges that Defendant Loring agreed to make payments until the total of $5,000.00 was paid. On July 9, 2018, Plaintiff sent defendant a Notice of Failure to pay. Plaintiff further alleges, that on July 17, 2018, Defendant Loring went to Plaintiff's property where they made an oral agreement that

1   defendant increase payments to $200 per month. Defendant Loring made several attempts to pay
2   small amounts toward the debt. Plaintiff also alleges a period of non-payment.
3          In claims 19, 20, and 21, Plaintiff's allegations are again unclear. Plaintiff alleges that on
4   December 23, 2019, he mailed to the United States Supreme Court a Petition for Writ of
5   Certiorari. Though no case information was provided, Plaintiff alleges that he received a letter in
6   return stating that his petition was out-of-time and that his documents would be returned. Again,
7   there is no discernable injury. However, based on the stated facts it appears that Plaintiff maybe
8   trying to state a claim that the Clerk of Court for the Supreme Court unlawful returned his writ of
9   certiorari.

10   **III.   Discussion**

11   Plaintiff's amended complaint fails to comply with Federal Rules of Civil Procedure 8, 18
12   and 20 and fails to state a cognizable federal claim. Some claims face other procedural issues
13   including: res judicata, immunity, and failure to exhaust administrative remedies.  As Plaintiff is
14   proceeding pro se, he will be granted a **final opportunity** to amend his complaint to cure the
15   below-identified deficiencies to the extent he can do so in good faith.  To assist Plaintiff, the
16   Court provides the pleading and legal standards that appear to be applicable to his claims.

17   **A.   Federal Rule of Civil Procedure 8**

18   Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain
19   statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed
20   factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,
21   supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  Plaintiffs must
22   set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on
23   its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While factual allegations
24   are accepted as true, legal conclusions are not. *Id.; see also Twombly*, 550 U.S. at 556–557.
25   Plaintiff's amended complaint is neither short nor plain, consisting of 128 pages.  Despite
26   the Court's prior directive that any amended complaint must comply with Rule 8 by clearly and
27   succinctly stating what happened, when it happened, and how each defendant was involved,
28   Plaintiff's first amended complaint far exceeds the number of pages in his original complaint and

4

remains unclear. While some claims are more ascertainable than his original complaint, other claims remain convoluted and confusing with no apparent injuries. Plaintiff again fails to identify how each defendant caused harm to the Plaintiff, and in some cases, he fails to identify a harm at all. As pled, the claims are not supported by a sufficient factual basis.

For each claim, Plaintiff shall clearly and succinctly set forth the facts that Plaintiff believes give rise to the claim. He shall identify the harm he has suffered and to the best of his ability and identify how each defendant has caused that harm. A second amended complaint shall not exceed twenty-five (25) pages.

### B. Federal Rule of Civil Procedure 18

Plaintiff makes numerous claims against a variety of defendants arising from events spanning two decades. Plaintiff may not bring unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley,* 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers,* 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America,* 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims.

Plaintiff may not assert multiple, unrelated claims against multiple defendants in this action. Plaintiff may not include a laundry list of wrong committed over a span of years. For example, Plaintiff may not, in a single action, pursue claims related to overpayment of Social Security benefits against the Social Security Administration, while also pursuing unrelated claims involving the Tulare County Tax Collector, overpayment of benefits from the Tulare County Health and Human Services, denial of life insurance benefits for his deceased wife against the Department of Veterans Affairs, a contract dispute from 2017 against a private citizen and a grievance against the Clerk of the United States Supreme Court from 2019.

Unrelated claims involving multiple defendants belong in different suits. In any amended complaint, Plaintiff may pursue only properly joined claims. If Plaintiff's amended complaint continues to improperly join claims and defendants, the Court will choose which cognizable claims, if any, that Plaintiff may pursue.

**C.     Appeals from Social Security Administration Determinations - Overpayment**

In Plaintiff's claims 1, 2, and 3, Plaintiff alleges that he was wrongfully required to repay the overpayment amount of $8,502.90 to SSA. For federal district courts to have jurisdiction over an appeal from a social security decision, the claimant must have exhausted the administrative review process prior to filing a claim in the federal court.

> The administrative review process consists of several steps, which usually must be requested within certain time periods and in the following order:
>
> **(1)** Initial determination. This is a determination we make about your entitlement or your continuing entitlement to benefits or about any other matter, as discussed in § 404.902, that gives you a right to further review.
>
> **(2)** Reconsideration. If you are dissatisfied with an initial determination, you may ask us to reconsider it.
>
> **(3)** Hearing before an administrative law judge. If you are dissatisfied with the reconsideration determination, you may request a hearing before an administrative law judge.
>
> **(4)** Appeals Council review. If you are dissatisfied with the decision of the administrative law judge, you may request that the Appeals Council review the decision.
>
> **(5)** Federal court review. When you have completed the steps of the administrative review process listed in paragraphs (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court.
>
> **(6)** Expedited appeals process. At some time after your initial determination has been reviewed, if you have no dispute with our findings of fact and our application and interpretation of the controlling laws, but you believe that a part of the law is unconstitutional, you may use the expedited appeals process. This process permits you to go directly to a Federal district court so that the constitutional issue may be resolved. 20 CFR 404.900.

Exhaustion of administrative remedies before judicial review is generally required to prevent premature interference with the agency process. *Bowen v. New York,* 476 U.S. 467, 484

6

(1986) (*citing Weinberger v. Salfi,* 422 U.S. 749, 766 (1975)). The purpose of the exhaustion requirement is to allow the agency the opportunity to correct its own errors, to afford the courts and the parties the benefits of the agency's expertise and experience, and to compile a record for judicial review. *Bowen,* 476 U.S. at 484. Generally, a final decision from the administrative agency signals to the court that the administrative review process has been exhausted and the matter is ready for judicial review. *See Weinberger,* 422 U.S. at 766-67.

In this case, Plaintiff has not exhausted the administrative review process. Plaintiff was notified of the overpayment in the letter dated January 31, 2020. The Social Security Administration states that Plaintiff's waiver for overpayment was denied. (Doc. 7 p. 37). The letter also explains the process by which the decision can be appealed. (*Id*.) Plaintiff did not pursue the appeal beyond the waiver. There has not yet been a final administrative decision in the matter. Therefore, the matter is not appropriate for judicial review.  Plaintiff will be granted leave to cure these deficiencies to the extent he is able to do so in good faith.

### D.     Appeals from Social Security Administration Determinations – Administrative Res Judicata

In Plaintiff's claims 1, 2, and 3 against the Social Security Administration, he alleges the January 1, 2000 final determination, finding Plaintiff's disability had ceased was not appropriately issued. Administrative res judicata applies when the Social Security Administration has made a previous determination on (1) the same facts and issues, and (2) that determination has become final through administrative or judicial review. 20 CFR 404.957. The principles of administrative res judicata apply not only in the administrative adjudications but also to judicial adjudications. *United States v. Utah Constr. & Mining Co*., 384 U.S. 394, 421–22, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966); *Tobak v. Apfel*, 195 F.3d 183, 186 (3rd Cir. 1999). The Commissioner may reopen a prior application for good cause. *Tobak,* 195 F.3d at 186. However, such a determination must be made by the Commissioner not the courts.

Review of January 1, 2000 determination is precluded by the doctrine of administrative res judicata. Plaintiff provided several documents with his first amended complaint. Plaintiff was

receiving disability benefits, but those benefits ended on February 9, 1995. Plaintiff even filing a claim in the federal district court. The determination was final based on both administrative and judicial review. Therefore, any claim attempting to reopen that determination would be precluded under the doctrine of administrative res judicata. Plaintiff may amend his complaint as to the claim involving overpayment of benefits, if he can do so in good faith. The Court will not expend judicial resources on a claim to reopen a case precluded by res judicata.

### E.     Federal Tort Claims Act – Claims against Department of Veterans Affairs

In claims 13, 14, and 15, Plaintiff is alleging some tort claim against both the United States and the Department of Veterans Affairs. Under the Federal Tort Claims Act ("FTCA"), an "action shall not be instituted upon a claim against the United States for money damages" unless a plaintiff has exhausted administrative remedies by filing a claim with the appropriate federal agency within two years of the act or injury. 28 U.S.C. § 2675(a). Thus, only after an administrative claim is denied, or deemed denied, may a claimant file an action in federal court. *Id.; see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). If the agency denies an administrative claim, suit must be filed within six months of the date of mailing of such denial. 28 U.S.C. § 2401(b). Significantly, exhaustion of administrative remedies cannot be waived. *Brady v. United States*, 211 F.3d 499, 503 (9th Cir. 2000) *see also Vacek v. United States Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("the exhaustion requirement . . . must be interpreted strictly.").

A tort action against the United States and the Department of Veteran Affairs would not only be time barred, but also not ripe for judicial review. Although it appears that facts are missing from the allegations, Plaintiff does not allege all administrative remedies were pursued. Plaintiff must pursue and complete all administrative remedies. Plaintiff will be granted leave to cure these deficiencies to the extent he is able to do so in good faith.

///

///

8

### F. Quasi-Judicial Immunity

In claims 19, 20, and 21, Plaintiff appears to be alleging that the clerk of court for the Supreme Court unlawfully returned his writ of certiorari, however, the clerk of court is entitled to quasi-judicial immunity.[1] "'[C]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process' unless a clerk acts 'in the clear absence of jurisdiction.'" *Mullis v. United States Bankr. Ct., Dist. of Nev.,* 828 F.2d 1385, 1390 (9th Cir. 1987). A clerk of court returning pleadings to a Plaintiff based on procedural issues is part of the judicial process, and thus the clerk is entitled to immunity. *See McCray v. Rodriguez,* 2006 WL 2432834, at 1 (N.D. Cal. Aug. 18, 2006) (finding judicial immunity when the clerk of court returned plaintiff's pleadings for failure to comply with local rules and procedures).

The clerk of the United States Supreme Court has judicial immunity from returning Plaintiff's writ of certiorari. Plaintiff alleges that his writ of certiorari was returned to him with a letter stating he was out-of-time. It appears the Clerk of Court was returning the writ as it was filed against the procedure of the Court. However, without additional information including, but not limited to, the case in which the writ was filed, the rules regarding time allowed for filing the writ, and the physical evidence of the letter, the Court cannot find that Plaintiff has stated a cognizable claim. Based on the foregoing, Plaintiff will be granted leave to cure these deficiencies to the extent he is able to do so in good faith.

### G. State Law Claims

Plaintiff alleges various state law claims under a "breach of contract." In Claims 4, 5, and 6, against County of Tulare Tax Collector, Plaintiff alleges a grievance against the Tax Collector. The specific nature of the claim is unclear. Based on the evidence provided it seems that there is

---

[1] The Court does not address whether it has personal jurisdiction over the clerk. Personal jurisdiction over a nonresident defendant is tested by a two-part analysis. First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute. Second, the exercise of jurisdiction must comport with federal due process." *Dow Chemical Co. v. Calderon*, 422 F.3d 827, 830 (9th Cir. 2005) (quoting *Chan v. Society Expeditions,* 39 F.3d 1398, 1404-05 (9th Cir. 1994)). California's long-arm statute provides that a court "may exercise jurisdiction on any basis not inconsistent with the Constitution of [California] or of the United States." Cal. Civ. Proc. Code § 410.10. Thus, California's long-arm statute permits courts to exercise personal jurisdiction within the limits of due process. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).

some dispute over the property taxes, but even the provided evidence not clear. In claims 7, 8, and 9, against Southern California Edison, Plaintiff alleges the utility company unlawfully turned off his power. In claims 10, 11, and 12, against Tulare County Health and Human Services, Plaintiff alleges he was overpaid through the CalFresh program, there was an appeal, a final determination adverse to Plaintiff, and he paid the amount in dispute back. In claims 16, 17, and 18, against Defendant Loring, Plaintiff alleges a breach of contract regarding the sale of a trailer to Defendant Loring.

Plaintiff appears to assert a state law claim for "breach of contract" generally in all of the claims above. Under 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," except as provided in subsections (b) and (c). The Supreme Court has stated that "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. Plaintiff has not stated a cognizable claim for relief under federal law. Therefore, the state law claims will not be screened. *Martinez v. Harrell*, No. 1:19-cv-00924-LJO-BAM, 2019 WL 3067591, at *2–3 (E.D. Cal. July 12, 2019).

### IV.   Conclusion and Order

Plaintiff's amended complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20 and fails to state a cognizable federal claim. As Plaintiff is proceeding pro se, the Court will grant Plaintiff a final opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be

[sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of Court shall send Plaintiff a Complaint for a Civil Case form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal;

3. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint," refer to the case number 1:20-cv-00293-NONE-BAM and the complaint is **not to exceed twenty-five (25) pages**; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 10, 2021**          /s/ *Barbara A. McAuliffe*        
                                       UNITED STATES MAGISTRATE JUDGE