UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE WARREN CREAMER,<br><br>    Plaintiff,<br><br>v.<br><br>SUSIE SHERER, at al,<br><br>    Defendants. | Case No. 1:20-cv-00293-NONE-BAM<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE<br><br>(Doc. No. 9)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Bruce Warren Creamer, proceeding pro se and in forma pauperis, filed the instant action on February 26, 2020. (Doc. No. 1.) On June 8, 2020, the Court screened Plaintiff's original complaint and granted him leave to amend his complaint. (Doc. No. 6.) On July 7, 2020, Plaintiff filed his first amended complaint. (Doc. No. 7.) On February 10, 2021, the Court issued a second screening order and granted a final opportunity to amend the complaint. (Doc. No. 8.) Plaintiff's second amended complaint, filed on February 22, 2021, is currently before the Court for screening. (Doc. No. 9.)

    I.    **Screening Requirement and Standard**

The Court screens complaints brought by persons proceeding *pro se* and *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiffs' claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal,* 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**I.    Background**

In Plaintiff's original complaint and his first amended complaint, Plaintiff names various Federal and State entities and raises numerous unrelated claims. The Court, through the screening process, found that neither the original complaint nor the first amended complaint stated a claim upon which relief may be sought. Plaintiff was granted one final opportunity to amend his complaint. In Plaintiff's second amended complaint, Plaintiff names the United States, United States District Court for the Eastern District of California, and Judge McAuliffe as defendants. Plaintiff alleges, in Count 1, a violation of the "constitutional contract" when Defendants engaged in the "action of censorship by abridgement of freedom of speech." (Doc. No. 9 at 13.) Plaintiff further alleges that Defendants engaged in a "masterful scheme of red tape" to prevent Plaintiff from pursuing his claims. (*Id.*) Plaintiff continues to allege that the screening function of the court and the requirement of fees amount to censorship and extortion. (*Id.* at 15.)

In Count 2, Plaintiff alleges negligence only stating that he "repeats and realleges the allegations claimed [and] contained in paragraphs (1)-(93)" and that such allegations show negligence. (*Id.* at 19.) Finally, in Count 3, Plaintiff alleges "quantum meriut/valebant." (*Id.* at

20.) Plaintiff again realleges the preceding paragraphs in his allegation. Plaintiff additionally claims that he will "not fund organized crimes by fees, fines, or taxes." (*Id.*)

Plaintiff additionally attached several exhibits to the second amended complaint. However, Plaintiff neglects to allege how the various exhibits apply to his amended complaint.

## II. Discussion

For the reasons discussed below, the Court will recommend that this action be dismissed without prejudice.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Plaintiffs must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.; see also Twombly*, 550 U.S. at 556–557.

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Finally, an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Plaintiff's second amended complaint again falls short of the requirements of Rule 8. The complaint contains conclusory language and lacks sufficient facts to state a claim for relief. Plaintiff merely recites his disapproval of the screening process and the Court's screening orders. In Counts 2 and 3, Plaintiff only realleges his allegations from Count 1, but fails to identify how any of the alleged facts contribute to the cause of action. Additionally, Plaintiff's amended complaint is completely composed of new, unrelated allegations to his first amended complaint. The only connection between the two amended complaints is the exhibits attached to the second

amended complaint. The exhibits lack any connection to the new allegations but apply instead to the allegations set forth in the first amended complaint. However, an amended complaint must be complete in itself. Local Rule 220. Further, there is not reference in the complaint to explain the connection between the exhibits and any of the claims Plaintiff makes.

Plaintiff's second amended complaint appears to be nothing more than a criticism of how the district court is obligated to screen *pro se* litigant complaints under 28 U.S.C. § 1915(e)(2). Accordingly, the requirements of Rule 8 have not been satisfied.

**B. Leave to Amend**

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, leave to amend is not warranted. *See Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

**C. Conclusion and Recommendation**

Based on the foregoing, the Court HEREBY RECOMMENDS that this action be dismissed without prejudice.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 28, 2021**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE