1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BRUCE WARREN CREAMER,                    No.  1:20-cv-00293-NONE-BAM

12              Plaintiff,

13         v.                                  ORDER DENYING MOTION FOR
                                               RECONSIDERATION
14    SUSIE SHERER, et al.,
                                               (Doc. No. 14)
15              Defendants.

16

17         Plaintiff Bruce Warren Creamer, proceeding *pro se* and *in forma pauperis*, filed the

18    instant action on February 26, 2020.  (Doc. No. 1.)  On June 1, 2021, the assigned magistrate

19    judge issued findings and recommendations recommending that this action be dismissed without

20    prejudice due to plaintiff's failure to state a claim upon which relief may be granted.  (Doc. No.

21    10.)  Those findings and recommendations were served on plaintiff and contained notice that any

22    objections thereto were to be filed within fourteen (14) days after service.  (*Id.*)  On June 14,

23    2021, plaintiff filed objections.  (Doc. No. 11.)  On June 30, 2021, the court adopted the

24    magistrate judge's findings and recommendations to dismiss this action without prejudice,

25    entered judgment, and closed this case.  On July 12, 2021, plaintiff filed another document

26    entitled "objections to findings and recommendations."  (Doc. No. 14.)  Because judgment

27    already has been entered, but was entered fewer than 28 days ago, the court will construe the

28    document as a motion for reconsideration under Federal Rule of Civil Procedure 59.

1

A motion for reconsideration under Rule 59(e) "should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999). Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364 n.5 (9th Cir. 1989) ("[T]he orderly administration of lengthy and complex litigation such as this requires the finality of orders be reasonably certain."). Further, motions for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890 (emphasis in original); *accord Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Plaintiff's recent submission fails to present newly discovered evidence, any basis for a finding of clear error, or any indication that there has been an intervening change in the controlling law. Plaintiff mentions that the undersigned should have "excused" himself from this case purportedly due to a "conflict of interest" but fails to articulate any legal or factual grounds for recusal, let alone for recusal after judgment has been entered. Therefore, plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **July 19, 2021**

_____
UNITED STATES DISTRICT JUDGE